UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

SUSAN A. YERDON,

Debtor.

Case No. 18-40075-EDK
Chapter 13

**DECLARATION OF MICHAEL P. RODKEY IN SUPPORT OF
RESPONSE TO DEBTOR'S PROOF OF CLAIM OBJECTION**

I, Michael P. Rodkey, hereby declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Bankruptcy Specialist with the Internal Revenue Service (the "Service"). I have been employed with the Service for over 23 years and working as a Bankruptcy Specialist with the Service for approximately 18 years. I handle bankruptcy matters located in the District of Massachusetts involving the Service and I am the Bankruptcy Specialist assigned to the above-captioned Chapter 13 Case of Susan A. Yerdon (the "Debtor") filed on January 18, 2018 [Dkt. No. 1].

2. On February 23, 2018 I caused a proof of claim (the "POC") to be filed against the Debtor in the total amount of $811,889.71. There are three components to the amounts the Debtor owes to the Service. First, the Debtor had failed to file personal income tax returns for the years 2013, 2014, 2015, 2016 and 2017. The Debtor has now filed returns for each of these years. The filing of the missing returns reduces the amount of the Service's claim to $811,379.71.

3. The second and third components of the POC relate to civil penalties assessed in connection with unpaid trust fund taxes. Under the provisions of Internal Revenue Code section

6672, individuals who were required to collect, account for, and pay over federal employment or excise taxes for a business may be personally liable for a penalty if the business does not pay the taxes. These taxes consist of employment taxes the business withheld (or should have withheld) from the employees' wages (and failed to pay) or excise taxes the business collected (or should have collected) from patrons (and failed to pay).  These taxes are commonly referred to as "trust fund taxes."  If trust fund taxes are not paid, the Service may impose a penalty against a person required to collect, account for, and pay over withheld taxes.  This penalty is called the Trust Fund Recovery Penalty and it is equal to the unpaid trust fund taxes that the business still owes the government.

4. The Trust Fund Recovery Penalty assessed by the Service against the Debtor for the first, second, third and fourth quarters of 2005 relate to trust fund taxes owed by the business L&L Temporaries Inc. ("L&L").  Upon information and belief the Debtor was the President of L&L and was responsible for the financial affairs of the business.  Therefore, the Service determined that the Debtor was a responsible corporate officer liable for L&L's failure to pay trust fund taxes.  On September 12, 2007, the Service delivered a letter to the Debtor notifying her of the Trust Fund Penalties related to L&L and advising her of her rights to appeal or protest the Service's action.  A true and correct copy of the letter is attached hereto as <u>Exhibit A</u>.  The Service's records show that the letter was hand delivered to the Debtor on September 12, 2007. See <u>Exhibit B</u>.  The Debtor failed to respond to the letter or to appeal the action.

5. In March of 2018, the Debtor filed a Form 843 Claim for Refund and Request for Abatement in connection with each of the L&L Trust Fund Recovery Penalties.  A copy of these claim forms are attached to the Debtor's Objection to Department of the Treasury-Internal Revenue Service Proof of Claim 5-1 (Dkt. No. 49] (the "Debtor's Objection"].  The claim form

required the Debtor to explain why she believed the claim should be allowed. If she needed more space, the instructions indicated she should attach additional sheets. The only explanation provided by the Debtor was "Civil Penalties were assessed on 941's not filed for a business that was closed." See Debtor's Objection, p. 6-9. Accordingly, the Debtor did not produce new facts or evidence to support her claim and, on July 24, 2018, the Service disallowed the Debtor's claim for refund and abatement. A true and correct copy of the notice provided to the Debtor is attached hereto as Exhibit C.

6.     The Trust Fund Recovery Penalty assessed by the Service against the Debtor for the first, second, third and fourth quarters of 2007 and the first, second, third and fourth quarters of 2008 relate to trust fund taxes owed by the business Dimension Staffing, Inc. ("Dimension"). In March of 2018, the Debtor filed a Form 843 Claim for Refund and Request for Abatement in connection with each of the Dimension Trust Fund Recovery Penalties. A copy of these claim forms are attached to the Debtor's Objection. The claim form required the Debtor to explain why she believed the claim should be allowed. If she needed more space the instructions indicated she should attach additional sheets. The only explanation provided by the Debtor was "Civil Penalties were assessed on 941's not filed for a business that was closed." See Debtor's Objection, p. 3-5, 10-14.

7.     On September 8, 2009, the Debtor executed a Form 941 Employer's Quarterly Federal Tax Return for Dimension for each quarter of 2007 and 2008 (the "Dimension Form 941s"). The Debtor executed each Dimension Form 941 as President of Dimension. The Dimension Form 941s were each executed under penalty of perjury. The information included by the Debtor in the Dimension Form 941s is the information the Service used to determine the Trust Fund Recovery Penalties owed by the Debtor. The Debtor failed to produce new facts or evidence

to support her claims with respect to Dimension, and accordingly, on July 24, 2018, the Service disallowed the Debtor's claim for refund and abatement. A true and correct copy of the notice provided to the Debtor is attached hereto as Exhibit D.

    I declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge, information, and belief, and after reasonable inquiry, the foregoing is true and correct.

Date: July 30, 2018        By:   /s/ *Michael P. Rodkey*
                                              MICHAEL P. RODKEY

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

SUSAN A. YERDON,                                        Case No. 18-40075-EDK
                                                                    Chapter 13

Debtor.

## CERTIFICATE OF SERVICE

      I, Raquelle L. Kaye, hereby certify that on <u>July 30, 2018</u> I electronically filed the foregoing document with the U.S. Bankruptcy Court for the District of Massachusetts by using the CM/ECF system. The foregoing document will be electronically sent to the parties who are currently on the list to receive e-mail notices in this case.

      I further certify that on <u>July 30, 2018</u>, I served a copy of the same by first-class U.S. mail, postage pre-paid, to the following:

Susan A. Yerdon
South Middlesex Correctional Facility
F81462, P.O. Box 850
Framingham, MA 01701

Date:   July 30, 2018                                           <u>/s/ Raquelle L. Kaye</u>
                                                                             RAQUELLE L. KAYE