```
Internal Revenue Service                    Department of the Treasury

Date:                                       Number of this Letter:
                                              1153
                                            Person to Contact:
                                              STEVEN CRIMMINS
                                            Employee Number:
                                              04-06484
                                            IRS Contact Address:
                                              INTERNAL REVENUE SERVICE
SUSAN A YERDON                                ONE MONTVALE AVE
                                              STONEHAM, MA 02180-3567
1 RIVERVIEW BLVD APT 4-203
METHUEN, MA 01844-6046                      IRS Telephone Number:
                                              (781) 835-4225
                                            Employer Identification Number:

                                            Business Name and Address:
                                              L&L TEMPORARIES INC

                                              101 TREMONT ST STE 515
                                              BOSTON, MA 02108-5099
```

Dear MRS SUSAN A YERDON:

Our efforts to collect the federal employment or excise taxes due from the business named above have not resulted in full payment of the liability. We therefore propose to assess a penalty against you as a person required to collect, account for, and pay over withheld taxes for the above business.

Under the provisions of Internal Revenue Code section 6672, individuals who were required to collect, account for, and pay over these taxes for the business may be personally liable for a penalty if the business doesn't pay the taxes. These taxes, described in the enclosed Form 2751, consist of employment taxes you withheld (or should have withheld) from the employees' wages (and didn't pay) or excise taxes you collected (or should have collected) from patrons (and didn't pay), and are commonly referred to as "trust fund taxes."

The penalty we propose to assess against you is a personal liability called the Trust Fund Recovery Penalty. It is equal to the unpaid trust fund taxes which the business still owes the government. If you agree with this penalty for each tax period shown, please sign Part 1 of the enclosed Form 2751 and return it to us in the enclosed envelope.

If you don't agree, have additional information to support your case, and wish to try to resolve the matter informally, contact the person named at the top of this letter within ten days from the date of this letter.

You also have the right to appeal or protest this action. To preserve your appeal rights you need to mail us your written appeal within 60 days from the date of this letter (75 days if this letter is addressed to you outside the United States). The instructions below explain how to make the request.

APPEALS

You may appeal your case to the local Appeals Office. Send your written appeal to the attention of the Person to Contact at the address shown at the top of this letter. The dollar amount of the proposed liability for each specific tax period you are protesting affects the form your appeal should take.

| For each period you are protesting, if the proposed penalty amount is: | You should: |
|---|---|
| $25,000 or less | Send a letter listing the issues you disagree with and explain why you disagree. (Small Case Request). |
| More than $25,000 | Submit a formal Written Protest. |

One protest will suffice for all the periods listed on the enclosed Form 2751, however if any one of those periods is more than $25,000, a formal protest must be filed. Include any additional information that you want the Settlement Officer/Appeals Officer to consider. You may still appeal without additional information, but including it at this stage will help us to process your request promptly.

A SMALL CASE REQUEST should include:

1. A copy of this letter, or your name, address, social security number, and any information that will help us locate your file;

2. A statement that you want an Appeal's conference;

3. A list of the issues you disagree with and an explanation of why you disagree. Usually, penalty cases like this one involve issues of responsibility and willfulness. Willfulness means that an action was intentional, deliberate or voluntary and not an accident or mistake. Therefore, your statement should include a clear explanation of your duties and responsibilities; and specifically, your duty and authority to collect, account for, and pay the trust fund taxes. Should you disagree with how we calculated the penalty, your statement should identify the dates and amounts of payments that you believe we didn't consider and/or any computation errors that you believe we made.

Please submit two copies of your Small Case Request.

A formal WRITTEN PROTEST should include the items below. Pay particular attention to item 6 and the note that follows it.

1. Your name, address, and social security number;

2. A statement that you want a conference;

3. A copy of this letter, or the date and number of this letter;

4. The tax periods involved (see Form 2751);

5. A list of the findings you disagree with;

6. A statement of fact, signed under penalties of perjury, that explains why you disagree and why you believe you shouldn't be charged with the penalty. Include specific dates, names, amounts, and locations which support your position. Usually, penalty cases like this one involve issues of responsibility and willfulness. Willfulness means that an action was intentional, deliberate or voluntary and not an accident or mistake. Therefore, your statement should include a clear explanation of your duties and responsibilities; and specifically, your duty and authority to collect, account for, and pay the trust fund taxes. Should you disagree with how we calculated the penalty, your statement should identify the dates and amounts of payments that you believe we didn't consider and/or any computation errors you believe we made;

   NOTE:

   To declare that the statement in item 6 is true under penalties of perjury, you must add the following to your statement and sign it:

   "Under penalties of perjury, I declare that I have examined the facts presented in this statement and any accompanying information, and, to the best of my knowledge and belief, they are true, correct, and complete."

7. If you rely on a law or other authority to support your arguments, explain what it is and how it applies.

REPRESENTATION

You may represent yourself at your conference or have someone who is qualified to practice before the Internal Revenue Service represent you. This may be your attorney, a certified public accountant, or another individual enrolled to practice before the IRS. If your representative attends a conference without you, he or she must file a power of attorney or tax information authorization before receiving or inspecting confidential tax information. Form 2848, Power of Attorney and Declaration of Representative, or Form 8821, Tax Information Authorization, may be used for this purpose. Both forms are available from any IRS office. A properly written power of attorney or authorization is acceptable.

If your representative prepares and signs the protest for you, he or she must substitute a declaration stating:

1. That he or she submitted the protest and accompanying documents, and

2. Whether he or she knows personally that the facts stated in the protest and accompanying documents are true and correct.

CLAIMS FOR REFUND AND CONSIDERATION BY THE COURTS

CONSIDERATION BY THE COURTS

If you and the IRS still disagree after your conference, we will send you a bill. However, by following the procedures outlined below, you may take your case to the United States Court of Federal Claims or to your United States District Court. These courts have no connection with the IRS.

Before you can file a claim with these courts, you must pay a portion of the tax liability and file a claim for refund with the IRS, as described below.

SPECIAL BOND TO DELAY IRS COLLECTION ACTIONS
FOR ANY PERIOD AS SOON AS A CLAIM FOR REFUND IS FILED

To request a delay in collection of the penalty by the IRS for any period as soon as you file a claim for refund for that period, you must do the following within 30 days of the date of the official notice of assessment and demand (the first bill) for that period:

1. Pay the tax for one employee for each period (quarter) of liability that you wish to contest, if we've based the amount of the penalty on unpaid employment taxes; or pay the tax for one transaction for each period that you wish to contest, if we've based the amount of the penalty on unpaid excise tax.

2. File a claim for a refund of the amount(s) you paid using Form(s) 843, Claim for Refund and Request for Abatement.

3. Post a bond with the IRS for one and one half times the amount of the penalty that is left after you have made the payment in Item 1.

If the IRS denies your claim when you have posted this bond, you then have 30 days to file suit in your United States District Court or the United States Court of Federal Claims before the IRS may apply the bond to your trust fund recovery penalty and the interest accruing on this debt.

CLAIM FOR REFUND WITH NO SPECIAL BOND

If you do not file a special bond with a prompt claim for refund, as described above, you may still file a claim for refund following above action items 1 and 2, except these action items do not have to be taken in the first 30 days after the date of the official notice of assessment and demand for the period.

If IRS has not acted on your claim within 6 months from the date you filed it, you can file a suit for refund. You can also file a suit for refund within 2 years after IRS has disallowed your claim.

You should be aware that if IRS finds that the collection of this penalty is in jeopardy, we may take immediate action to collect it without regard to the 60-day period for submitting a protest mentioned above.

For further information about filing a suit you may contact the Clerk of your District Court or the Clerk of the United States Court of Federal Claims, 717 Madison Place, NW, Washington, D.C. 20005.

If we do not hear from you within 60 days from the date of this letter (or 75 days if this letter is addressed to you outside the United States), we will assess the penalty and begin collection action.

                                            Sincerely yours,

                                            STEVEN CRIMMINS

                                            Revenue Officer

Enclosures:   Form 2751
                 Publication 1
                 Envelope