

**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, DC 20224

SMALL BUSINESS / SELF-EMPLOYED DIVISION

Date: July 24, 2018

SUSAN YERDON
1 RIVERVIEW BLVD APT 4-203
METHUEN, MA 01844

**CERTIFIED MAIL**

Dear Ms. Yerdon:

We have considered your request for a refund of $243,901.72 and abatement of $243,901.72 assessed against you for the tax periods ended 3/31/2005, 6/30/2005, 9/30/2005 and, 12/31/2005

We assessed this amount under Internal Revenue Code (IRC) section 6672 because L& L Temporaries. did not pay the federal employment taxes due for the tax periods ended 3/31/2005, 6/30/2005, 9/30/2005 and, 12/31/2005

Our review of your claim did not produce new facts or evidence to support your claim. This is your legal notice that your claim for refund and abatement is disallowed.

If you do not accept our conclusion, you may request reconsideration with the Internal Revenue Service's local office of Appeals. You should make the request for an Appeals conference within 30 days of the date of this letter. A request for an Appeals conference should describe the reasons you do not agree with our determination and should contain identifying information regarding the tax liability you wish to appeal. You should provide a statement containing your view of the facts. Please mail your request for an Appeals conference to:

Internal Revenue Service
135 High Street Stop 155
Hartford, CT 06103
Attn: Rick Stoller, Advisor

If you wish to bring suit or proceedings for recovery of any tax, penalties, and other moneys that were paid and for which this notice of disallowance is issued, you may do so by filing suit with either the United States District Court having jurisdiction or the United States Court of Federal Claims. The law permits you to do so within two years of the mailing date of this letter. You are not required to go to Appeals prior to filing suit.

**Letter 3784 (Rev 11-2006)**
Catalog Number 37173M

2

Please note that Appeals review of a disallowed claim does not extend the two-year period for filing suit; however, it may be extended by mutual agreement.

For any unpaid section 6672 liability that arises from periods beginning or transactions occurring after December 31, 1998, the Internal Revenue Service is required to suspend most of its collection activities if you file a proper lawsuit seeking a refund of those amounts listed on your disallowed refund claim for the section 6672 liability. While the Internal Revenue Service is prohibited from collecting the unpaid portion of your liability by levy, the limitation period for the Internal Revenue Service to collect this liability is also suspended, pursuant to IRC section 6331(i)(5).

If we can be of further assistance or if you have any questions concerning this matter, please write to the Internal Revenue Service, Advisory Group at the above address, or you may contact Rick Stoller (badge # 000669550) by phone at (860)594-9193 or by fax at (888)788-0978.

Sincerely,

James Rooney
Manager
New England Advisory Group

**Letter 3784 (Rev 11-2006)**
Catalog Number 37173M